FRED H. BAGLEY, ADMR. *v.* MARK TUDOR.

January Term, 1936.

Present: POWERS, C. J., SLACK, MOULTON, THOMPSON, and SHERBURNE, JJ.

Opinion filed February 16, 1936.

*Edward J. Hall* for the plaintiff.

*Lawrence C. Jones,* Attorney General, and *Benjamin Gates,* Auditor of Accounts, for the State, intervenor.

SHERBURNE, J.    At the December Term, 1934, the county court ordered the entry "Defendant defaulted. Judgment on default. Clerk to assess." This assessment was to be a computation of interest upon some notes. The plaintiff, by his attorney, tendered to the clerk a judgment fee which the clerk refused to accept unless a trial fee was also paid. The clerk threatened to strike off the judgment unless the trial fee was paid. Whereupon the plaintiff paid the trial fee under protest and also paid the judgment fee. From the decision of the clerk, the plaintiff appealed to the presiding judge, who ordered and

adjudged that such an assessment was a trial of issues of fact by a referee within the meaning of the statute, P. L. 8991, subd. II, and dismissed the appeal. The plaintiff has attempted to bring the matter here by a bill of exceptions based upon the exception, duly saved, to the order and judgment of the presiding judge.

This is not a case where the defendant has objected to having a trial fee taxed against him. It raises an issue between the State of Vermont and the plaintiff as to whether the statute entitles the state to such fee. As this case is presented, nothing has been called to our attention, nor are we aware of any provision of law, which authorizes the plaintiff, after the defendant has been defaulted, to come to this Court in this manner, to review the order and judgment of the presiding judge relative to State court fees which the plaintiff must pay to perfect his judgment.

*Exceptions dismissed.*